UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-21633-MGC (Cooke/Torres)

HOWARD COHAN,

    Plaintiff,

v.

TRUMP ENDEAVOR 12 LLC,
d/b/a TRUMP NATIONAL DORAL,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant TRUMP ENDEAVOR 12, LLC, d/b/a TRUMP NATIONAL DORAL hereby submits its answer and affirmative defenses to the complaint filed by Plaintiff HOWARD COHAN.

**ANSWER TO COMPLAINT**

Defendant denies each and every allegation of Plaintiff's complaint not expressly admitted below. Defendant's answer to each of the specifically enumerated paragraphs of Plaintiff's complaint is as follows:

    1.    Admitted only that this Court has original jurisdiction over claims arising under Title III of the Americans With Disabilities Act, 42 U.S.C. § 12131 et seq. ("Title III" of the "ADA") where the plaintiff has standing and there is a case and controversy. Any and all remaining allegations of this paragraph not expressly admitted are denied, and Defendant denies that Plaintiff is entitled to any relief whatsoever.

    2.    Admitted that venue is proper in the Southern District of Florida as opposed

to any other judicial district. Any and all remaining allegations of this paragraph not expressly admitted are denied.

  3. Denied.

  4. Denied.

  5. Denied.

  6. Admitted that Defendant is authorized to conduct business in the state of Florida and that Defendant conducts business in the state of Florida. Admitted that Defendant is the owner, operator and/or lessor of the real property and improvements thereon which are the ostensible subject of this action, a resort commonly known as "Trump National Doral," located at or about 4400 NW 87th Avenue, Miami, Florida 33178 (the "Property"). Any and all remaining allegations of this paragraph not expressly admitted are denied.

  7. Admitted that the Property is located within the Southern District of Florida and that venue is proper in the Southern District of Florida as opposed to any other judicial district. Any and all remaining allegations of this paragraph not expressly admitted are denied.

  8. Defendant reasserts its responses to paragraphs 1 through 7 of Plaintiff's complaint as if fully set forth herein.

  9. This is not an averment to which a response is required. To the extent a response is required, admitted that the ADA was enacted on July 26, 1990, and further admitted that the text of the ADA and its corresponding regulations speak for themselves. Any and all remaining allegations of this paragraph not expressly admitted are denied.

10. This is not an averment to which a response is required. To the extent a response is required, admitted that the text of the ADA and its corresponding regulations speak for themselves. Any and all remaining allegations of this paragraph not expressly admitted are denied.

11. This is not an averment to which a response is required. To the extent a response is required, admitted that the text of the ADA and its corresponding regulations speak for themselves. Any and all remaining allegations of this paragraph not expressly admitted are denied.

12. Admitted that portions of the Property represent a place of public accommodation. Any and all remaining allegations of this paragraph not expressly admitted are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted that Plaintiff's counsel purports to represent Plaintiff in this action. Any and all remaining allegations of this paragraph not expressly admitted are denied, and

Defendant denies that Plaintiff is entitled to attorney's fees, costs, expenses or any other relief whatsoever.

    23.    Denied.

    24.    Denied.

    25.    Denied.

    26.    Denied.  As to the "wherefore" clause following paragraph 26, denied that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff does not have standing.

### Third Affirmative Defense

Plaintiff has failed to set forth sufficient allegations to show he has standing.

### Fourth Affirmative Defense

Plaintiff's claims are moot in whole or in part.  More specifically, to the extent any barriers to access ever existed at the Property – which is expressly denied – prior to the institution of this action and/or during the pendency of this action, and in a manner which precludes the relief Plaintiff seek, Defendant had already instituted appropriate barrier removal plans to eliminate any existing barriers to the extent readily achievable and technically feasible.  To the extent that the removal of any barriers, including any alleged

4

barriers set forth in Plaintiff's complaint, are not readily achievable, Defendant have already instituted "alternatives" to barrier removal as set forth in the ADA regulations.

### Fifth Affirmative Defense

The correction of one or more of the violations alleged in the complaint (a) is not readily achievable; (b) is structurally impractical; and/or © is technically infeasible.

### Sixth Affirmative Defense

The correction of one or more of the violations alleged in the complaint would impose an undue burden on Defendant and therefore is not readily achievable under the ADA.

### Seventh Affirmative Defense

Plaintiff failed to provide reasonable notice to Defendant of the alleged violations, and therefore Plaintiff's complaint should be dismissed and/or Plaintiff should be barred from recovering reasonable attorney's fees and costs.

### Eighth Affirmative Defense

Plaintiff is demanding or will demand modifications which, under the ADA, are not readily achievable, are technically infeasible, are not required, would impose an undue hardship on Defendant, would fundamentally alter the use of the Property and/or would create a risk to the health and safety of Plaintiff and/or of others.

### Ninth Affirmative Defense

Plaintiff cannot satisfy his burden of proof to establish (1) that any architectural barriers exist and (2) that Plaintiff's proposed methods of architectural barrier removal are readily achievable. Moreover, Plaintiff cannot satisfy his burden of proof to present

evidence of a specific design to remove alleged barriers as well as how the proposed design would effect operations at the Property.

### Tenth Affirmative Defense

Plaintiff's claims against Defendant are barred in whole or in part because any liability for such claims is due to the conduct of third persons including, but not limited to, lessees at the Property.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches.  More specifically, Plaintiff's delay in asserting his claims against Defendant after first learning of the existence of such claims has unduly prejudiced Defendant.

### Thirteenth Affirmative Defense

Defendant has fulfilled all of its obligations under the ADA.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Fifteenth Affirmative Defense

Plaintiff's requested modifications are not reasonable.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### Seventeenth Affirmative Defense

Some of the modifications demanded by Plaintiff are subject to, and limited by, applicable local, state, or other laws, and, as such, may not be able to be performed, assuming *arguendo* that such modifications would be otherwise required.

### Eighteenth Affirmative Defense

Defendant has neither taken, nor ratified, any action with discriminatory purpose or intent. Rather, contrary to Plaintiff's allegations, Defendant has acted in good faith and has not authorized any action prohibited by law or committed any unlawful practice, or engaged in any inappropriate activities.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred because the requested modifications are not "alterations" within the meaning of the ADA or the ADAAG and/or because the claims do not trigger an "alteration" legal standard, including without limitation because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### Twentieth Affirmative Defense

Plaintiff has alleged violations of the ADA where the cited architectural elements comply with ADAAG and/or has demanded relief not required by ADAAG or the ADA.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred because any alterations at the Property are sufficient because they satisfy the "maximum extent feasible" standard.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred because, with respect to any particular architectural element at the Property which departs from the ADA or ADAAG, the Property has provided "equivalent facilitation" in the form of alternative designs and technologies that offer substantially equivalent or greater access to and usability of the Property.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred because the claimed violations are "de minimis" and/or within conventional building industry tolerances.  Such alleged violations are not actionable and do not materially impair Plaintiff's use of an area for an intended purpose.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred to the extent Plaintiff seek relief for alleged violations involving property over which Defendant has no ownership interests, rights, duties and/or control.

### Additional Affirmative Defenses

Defendant reserves the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

### **DEMAND FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Defendant has retained undersigned counsel and has obligated itself to pay its counsel reasonable attorney's fees along with costs and expenses incurred in this action. Defendant is entitled to an award of reasonable attorney's fees, costs and expenses incurred in defense of Plaintiff's claims pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

WHEREFORE Defendant TRUMP ENDEAVOR 12, LLC, d/b/a TRUMP NATIONAL DORAL, having answered Plaintiff's complaint and asserted affirmative defenses, respectfully requests that this Court dismiss Plaintiff's complaint with prejudice and/or enter final judgment in its favor, award it its reasonable attorney's fees, costs and expenses, and take such further action as is just and proper.

Dated:  June 3, 2014  
        Boca Raton, FL

Respectfully submitted,

*s/ Adam S. Chotiner*  
ADAM S. CHOTINER, ESQ.  
Florida Bar No. 0146315  
E-Mail: aschotiner@sbwlawfirm.com  
SHAPIRO, BLASI, WASSERMAN & GORA, P.A.  
7777 Glades Rd., Suite 400  
Boca Raton, FL  33434  
Tel:  (561) 477-7800  
Fax:  (561) 477-7722  
Attorneys for Defendant Trump Endeavor 12, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

## SERVICE LIST

*Howard Cohan v. Trump Endeavor 12, LLC, d/b/a Trump National Doral*
Case No. 1:14-cv-21633-MGC (Cooke/Torres)
United States District Court, Southern District of Florida

Mark D. Cohen, Esq.
E-Mail:  mdcohenpa@yahoo.com
Mark D. Cohen, P.A.
Presidential Circle, Suite 435 So.
4000 Hollywood Blvd.
Hollywood, FL 33021
Tel:   (954) 962-1166
Fax:   (954) 962-1779
Counsel for Plaintiff
*Via CM/ECF*

Adam S. Chotiner, Esq.
E-Mail:  aschotiner@sbwlawfirm.com
Shapiro, Blasi, Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Telephone:   (561) 477-7800
Facsimile:   (561) 477-7722
Counsel for Defendant Trump Endeavor 12, LLC
*Via CM/ECF*